Brian S. STOLLER, Appellant–
Defendant,

v.

Sharon TOTTON, Appellee–Plaintiff.

No. 49A02–0501–CV–16.

Court of Appeals of Indiana.

Aug. 22, 2005.

Transfer Denied Nov. 16, 2005.

Brian L. England, Hunt Suedhoff Kalamaros, LLP, Indianapolis, for Appellant.

Samuel L. Jacobs, Kimberly H. Danforth, Mitchell Hurst Jacobs & Dick, LLP, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Brian S. Stoller appeals the trial court's grant of appellee-plaintiff Sharon Totton's motion for attorney's fees and costs regarding her claim against him for negligence. Specifically, Stoller alleges that the trial court abused its discretion in finding that costs and fees were appropriate because he maintained a frivolous defense. Finding that the award was appropriate under these circumstances, we affirm the order of the trial court.

*FACTS*

On October 28, 1999, at approximately 10:20 p.m., Totton was operating her vehicle westbound in the center lane of I–70 in Indianapolis. Stoller was driving a semi tractor-trailer westbound in the left lane of I–70. Stoller moved the semi into the center lane, striking the rear driver's side of Totton's vehicle.

On August 16, 2001, Totton filed a negligence action against Stoller, alleging personal injury and damages resulting from the collision. Stoller filed an answer on October 25, 2001, in which he asserted comparative fault on Totton's part as an affirmative defense. During discovery, Totten sent interrogatories and requests for production and admissions to Stoller. Stoller admitted that Totton's vehicle was in the center lane immediately prior to the collision. But Stoller denied the following requests for admissions:

*REQUEST NO. 9:* Brian Stoller was negligent in the operation of his vehicle resulting in this collision.

*REQUEST NO. 10:* Brian Stoller's negligence in the operation of his motor vehicle resulted in his colliding with the vehicle being operated by Sharon Totton.

*REQUEST NO. 11:* Sharon Totton was exercising reasonable care in the operation of her motor vehicle and was not negligent with respect to the Collision.

*REQUEST NO. 12:* One hundred percent (100%) of the fault for the Collision is attributable to Brian Stoller for the negligent operation of his semi truck.

Appellant's App. p. 33–34. In response to the interrogatories, Stoller stated:

As noted in Defendant's answers to Plaintiff's interrogatories, Brian Stoller checked the center lane to see if it was unobstructed and did not see anyone and proceeded to move into the center lane. Furthermore, Mr. Stoller alleges

that Mrs. Totton may have been in the right lane and converged into the center lane at the same time that Mr. Stoller converged into the center lane.

Appellant's App. p. 38.

Totton and Stoller were deposed prior to the trial. Both stated that they had not seen the other immediately prior to the collision. Stoller stated that he did not know of anything that Totton had done improperly with regard to her driving before the collision. Following the depositions, Stoller's counsel was advised that sanctions for maintaining a frivolous defense would be sought if Stoller did not admit liability. Totton's counsel again requested an admission of liability at the final pre-trial conference, but Stoller refused.

The jury trial commenced on October 26, 2004. Following the testimony of three witnesses, Stoller admitted liability and withdrew the affirmative defense of comparative fault. On October 27, 2004, the jury rendered a verdict in favor of Totton in the amount of $80,000. The trial court entered judgment on the jury's verdict on November 4, 2004.

On December 14, 2004, Totton filed a motion for costs and attorney's fees, alleging that Stoller had maintained his defense of comparative fault in bad faith. On February 22, 2005, the trial court granted Totton's motion because "the Plaintiff's assertion that Defendant maintained a frivolous defense on the issue of liability and failed to make a reasonable inquiry to develop any competent evidence on the issue of comparative fault is well taken" and ordered Stoller to pay her the sum of $8,796.85. Appellant's App. p. 90. Stoller now appeals.

### DISCUSSION AND DECISION

Stoller argues that the trial court erred in granting Totton's motion for costs and fees. Specifically, he asserts that his defense of comparative fault was not frivolous because neither party saw the other before the collision, so he had reasonable grounds to believe that he might prevail.

■ "In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party ... brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless." Ind. Code § 34–52–1–1. An award or denial of attorney's fees under Indiana Code section 34–52–1–1 is reviewed through a multi-step process. *Grubnich v. Renner*, 746 N.E.2d 111, 119 (Ind.Ct.App.2001), *trans. denied.* First, we review the trial court's findings of fact under the clearly erroneous standard, and second we review de novo the trial court's legal conclusions. Finally, we review the trial court's decision to award attorney's fees and the amount thereof under an abuse of discretion standard. *Id.*

■ As we noted in *Grubnich:*

A defense is "frivolous" (a) if it is made primarily to harass or maliciously injure another, (b) if counsel is unable to make a good faith and rational argument on the merits of the action, or (c) if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. A defense is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the defense justified or worthy of litigation. A defense is "groundless" if no facts exist which support the defense relied upon and supported by the losing party.

*Id.* (internal citations and quotations omitted).

A review of the facts known at the time reveals that Stoller admitted that Totton's vehicle was in the center lane of travel just prior to the collision. Appellant's App. p. 32–33. Yet he argued in the same response to requests for admissions and interrogatories that Totton "may have been in the right lane and converged into the center lane at the same time that Mr. Stoller converged into the center lane." Appellant's App. p. 38. Furthermore, both Totton and a witness to the accident told the police that Totton was in the center lane prior to the collision. Appellee's App. p. 25. Not only did Stoller have no evidence to support his theory that Totton *may* have been in the right lane, he admitted that she was in the center lane prior to the collision. Nevertheless, he maintained his defense of comparative negligence until after three witnesses testified at the trial, despite repeated attempts on Totton's part to settle the issue of liability. Appellant's App. p. 26. It is simply irrelevant that neither party saw the other before the accident occurred because Stoller had no evidence to support his contention that Totton converged from the center lane into the right lane at the same time that he converged from the left lane into the center lane.

While Stoller points out the truism that Totton, as the plaintiff, bore the burden of proof of convincing the jury that Stoller was negligent, he fails to mention that it is equally true that the defendant bears the burden of proving his affirmative defenses. *Carlson Wagonlit Travel, Inc. v. Moss,* 788 N.E.2d 501, 503 (Ind.Ct.App. 2003). Stoller had access to the police report in which Totton and the witness stated that she was in the center lane prior to the accident. Stoller also knew the identity and location of that witness, Appellee's App. p. 2, 6, 10, 14, yet he did not depose the witness or attempt to contact him prior to the trial. Stoller had every opportunity to gather evidence to support his theory that Totton was also converging into the center lane at the time of the collision, but he failed to do so. Thus, we agree with the trial court that his affirmative defense was frivolous, unreasonable, and groundless.

We also note that Totton provided sufficient evidence of the costs associated with litigating against Stoller's defense. Appellant's App. p. 44–51. Totton's two attorneys submitted affidavits that their fees and expenses totaled $8,796.85, the precise amount that the trial court awarded to Totton. Thus, the amount of the award was not an abuse of discretion.

Because Stoller admitted to facts contrary to his comparative fault defense theory, but repeatedly refused to settle the issue of liability while continuing to advance a theory that he had no evidence to support until after several witnesses had testified at the trial, we find that the trial court properly assessed costs and fees against Stoller. We stress that this holding is strongly tied to the specific circumstances of this case. We are greatly concerned about the possible chilling effect it would have on settlement negotiations were this holding to be expanded. Where it is clear that liability lies with one party, we encourage settlement of that issue without fear of the imposition of sanctions. It is only in the clearest of cases where an affirmative defense is frivolous, unreasonable, or groundless, yet is maintained until liability is admitted during the trial that costs and attorney's fees will be appropriate sanctions.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.